```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JOSE LUIS PEREZ,                    :
                                    :    09 CV 8221 (BSJ)
                                    :    01 CR 0848 (SWK)
                Plaintiffs,         :
                                    :         ORDER
        v.                          :
                                    :
UNITED STATES OF AMERICA            :
                                    :
                                    :
                Defendant.          :
------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRO[NICALLY FILED]
DOC #
DATE FILED: 6/18/11

On September 28, 2009, Jose Luis Perez ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Perez alleges that he was provided ineffective assistance of counsel because his lawyer failed to advise him of his right to file a petition for a writ of certiorari to the Supreme Court following the affirmation of Perez's resentencing on Booker remand.

## BACKGROUND

On October 31, 2002, a jury found the Petitioner guilty of a two-count indictment. (Reply Br. 2.) Count One of the indictment charged the Petitioner with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. (Id.)  Count Two of the indictment charged

1

the Petitioner with the sale or distribution of a controlled substance, in violation of 21 U.S.C. § 841 (a). (Id.)  On May 14, 2003, the Petitioner was sentenced by the Honorable Shirley Wohl Kram to 292 months imprisonment on each of the two counts, with the terms to run concurrently, as well as five years of supervised release. (Id. at 2-3.)

The Petitioner appealed Judge Kram's decision and in an opinion dated October 25, 2004, the Second Circuit affirmed the conviction, but stayed the mandate in anticipation of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Reply Br. 3.)  On April 13, 2005, upon remand pursuant to United States v. Crosby, 397 F. 3d 103 (2d Cir. 2005), Judge Kram concluded that resentencing the defendant was unwarranted. (Id.)  The Petitioner then retained Scott L. Fenstermaker to represent him and appealed Judge Kram's denial of resentencing. (Id.)  In an opinion dated March 1, 2006, the Second Circuit affirmed Judge Kram's decision. (Id.)  On June 6, 2009, the Petitioner sent a letter to Mr. Fenstermaker regarding the status of his appeal. (Pet'r's Br. 2.)  In a letter dated August 5, 2009, Mr. Fenstermaker responded to the Petitioner's request and enclosed a copy of the Second Circuit's decision. (Id.)  On September 28, 2009, Petitioner filed the instant motion before the court.

**DISCUSSION**

Under 28 U.S.C. § 2255 (f)(1), a petitioner must file a petition for habeas relief within one year of the date on which the judgment of conviction becomes final. See, Clay v. United States, 537 U.S. 522, 524 (2003). The judgment of conviction becomes final upon the expiration of the date to file a certiorari petition. Id. at 527. Here, Perez's conviction became final on May 30, 2006, ninety days after the Second Circuit issued its decision affirming his conviction. The Petitioner filed his § 2255 motion on September 28, 2009, more than two years after the statutory deadline for filing such a motion had expired. Therefore, the Petitioner's motion under 28 U.S.C. § 2255 (f)(1) is time barred unless he can demonstrate a reason to extend the one-year statute of limitations.

1. **Tolling**

Perez's habeas petition may still be timely if he can demonstrate either: (1) the date should start to toll later than the date on which the judgment of conviction becomes final under § 2255 (f)(4), or (2) that equitable tolling of the statute of limitations period is warranted.

   i.   Claim under 28 U.S.C. § 2255 (f)(4)

Under 28 U.S.C. § 2255 (f)(4), the limitations period for a motion under § 2255 begins to run from "the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence." The Petitioner argues that the one-year limitations period should begin on August 5, 2009, the date he received a response letter from his counsel informing him of the Second Circuit's decision. However, it is the Petitioner's "burden to demonstrate why he was unable to discover the factual predicate of his claim before the date asserted." Morton v. Ercole, 08 Civ. 0252 (RJS), 2009 U.S. Dist. LEXIS 123658, at *17-18 (S.D.N.Y. Dec. 31, 2009).

Here, the Petitioner has failed to meet the burden of proof necessary to demonstrate any level of diligence in learning the result of his appeal. The Petitioner has alleged that he attempted to contact his counsel and that he requested his wife to contact his counsel, but that such attempts were to no avail. Petitioner also claims for the first time in his reply submission that counsel visited him sometime between September 2006 and December 2006 in prison and counsel did not inform Perez of the outcome of his appeal. (Pet'r's Reply Br. 1.) Perez does not make any claim that he inquired about the status of his appeal during this visit.

The only evidence that the Petitioner proffers in support of his due diligence is the letter to Mr. Fenstermaker dated June 6, 2009, which was sent more than three years after the Second Circuit issued its decision. The court has held that waiting more than three years to discover the status of an

appeal does not constitute due diligence. See, e.g., Tineo v. United States, 01 Civ. 4511 (HB), 2002 U.S. Dist. LEXIS 16130 at *2 (S.D.N.Y. Aug. 29, 2002) (finding that a duly diligent person would not have needed more than three years to discover that his attorney had not filed a direct appeal); Zapata v. United States, 99 Civ. 85 (AGS), 2000 U.S. Dist. LEXIS 15661, at *2 (S.D.N.Y. Oct. 27, 2000) (holding that three and a half years to discover that an appeal had not been filed did not constitute due diligence). Accordingly, Petitioner has not demonstrated he exercised sufficient due diligence to warrant setting the date for the statute of limitations beyond the date on which the judgment of conviction became final.

### ii. Equitable Tolling

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations may be equitably tolled in "rare and exceptional circumstances." Belot v. Burge, 490 F. 3d 201, 205 (2d Cir. 2007). To qualify for equitable tolling a petitioner must establish two elements: (1) the petitioner diligently pursued his § 2255 rights; and (2) some extraordinary circumstance prevented the petitioner from filing his motion. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); see, Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2003). The Petitioner bears the burden of proving the elements to justify equitable tolling. Hurley v. Marshall, 2011 WL 781174,

5

at 4* (S.D.N.Y. Mar. 7, 2011); Baldayaque v. United States, 338 F. 3d 145, 153 (2d Cir. 2003) ("A petitioner must also show that he acted with reasonable diligence").

The Petitioner proffers two reasons for his failure to file the petition on time.  First, the Petitioner argues that the "Bureau of Prisons transfer procedures made it difficult and challenging to communicate." (Pet'r's Br. 5.)  However, transfers between prison facilities do not constitute the extraordinary circumstances necessary for equitable tolling. See, e.g. Rosario v. United States, 09 Civ. 2578 (NRB), 2010 U.S. Dist. LEXIS 83239, at *5-6 (S.D.N.Y. Aug. 9, 2010) (holding that "transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances").

Additionally, the Petitioner asserts that his attorney's "prejudicial misconduct" in not responding to his alleged inquiries constitutes "extraordinary circumstances." (Pet'r's Br. 4-5.) (citing Baldayaque v. United States, 338 F. 3d 145 (2d Cir. 2003).  While attorney misconduct may sometimes constitute "extraordinary circumstances" justifying equitable tolling, see, Holland, 130 S. Ct. at 2562, the Petitioner bears the burden of establishing the requirements for such tolling.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

6

Here, the Petitioner fails to present any evidence demonstrating attorney misconduct other than his own bare bone assertions that counsel did not inform him of the outcome of the appeal during a jailhouse visit at the end of 2006 and that Perez had "written several letters to counsel" and "requested his wife to contact counsel and inquire as to the status of his appeal, to no avail." (Pet'r's Br. 5.)  The only evidence which the petitioner proffers in support of his due diligence was the letter to Mr. Fenstermaker dated June 6, 2009 which Mr. Fenstermaker responded to on August 5, 2009. However, even assuming that Mr. Fenstermaker had not responded to the initial inquiries as the petitioner alleges, the petitioner would still not be entitled to relief under § 2255.

The Court in Hill v. United States, 368 U.S. 424, 428 (1962), held that § 2255 relief is an unusual remedy and was intended only for extraordinary circumstances.  Petitioner's counsel's failure to inform the Petitioner of the status of his appeal is not an extraordinary circumstance and therefore does not warrant § 2255 relief.  Holland, 130 S. Ct. at 2566 (finding that defense counsels failure to inform petitioner that his petition for certiorari had been denied does not constitute extraordinary circumstances, but rather "precisely the type of 'garden variety' attorney error that does not constitute an extraordinary circumstance necessitating equitable tolling").

Furthermore the Petitioner has failed to establish that he has been pursuing his rights diligently, and therefore he does not satisfy the second requirement for equitable tolling. "Even where the extraordinary circumstances on which the petitioner rests his claim involve attorney incompetence, the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure that his petition was filed." Doe, 391 F.3d at 175. As noted above, the petitioner failed to pursue his rights diligently. See, supra p. 4-5. Therefore even if the Petitioner had satisfied the extraordinary circumstances requirement, the limitations period should not be tolled.

Petitioner is unable to demonstrate that the date of final judgment should be extended or that equitable tolling should apply. Accordingly, the one-year statute of limitations began to run on the date the judgment of conviction became final and the deadline for the Petitioner to file a § 2255 motion expired on May 30, 2007. Perez failed to file the instant motion until September 28, 2009, more than two years after this statutory deadline. Therefore, Perez's petition is untimely.

2. **Relief Under 28 U.S.C. § 2255**

Assuming arguendo that Perez's petition is timely, his claim for relief would still afford him no remedy because he has no constitutional right to the assistance of counsel in

8

preparing a certiorari petition or right to be advised of the possibility of certiorari review.

i. Right to the Assistance of Counsel

The Second Circuit has established that there is "no constitutional right to the assistance of counsel in preparing a certiorari petition." Pena v. United States, 529 F.3d 129, 130 (2d Cir. 2008) (citing Ross v. Moffitt, 417 U.S. 600, 610, 617-18 (1974)). Accordingly, there is no corresponding right to the effective assistance of counsel for such an appeal. Id.; cf. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (concluding that without a constitutional right to counsel in pursuit of state supreme court review, a state habeas petitioner "could not be deprived of the effective assistance of counsel by his... counsel's failure to file the application [for certiorari] timely").

The Petitioner argues that his right to effective assistance of counsel on his first appeal as of right encompassed a requirement that his attorney inform him of the possibility of certiorari review to assist him with filing a petition. The Petitioner also argues that failure to advise a defendant of his right to petition the Supreme Court for certiorari review can amount to ineffective assistance of counsel.

The court in Pena rejected the argument that a certiorari petition was "the last step in [Pena's] first appeal as of right." The court found that a certiorari petition was "the first step of the subsequent discretionary appeal." Pena, 529 F. 3d at 130. Therefore, the Petitioner has no constitutional right to counsel in connection with a petition for a writ of certiorari. Id. at 130. Because the Petitioner has no right to counsel in connection with a petition for a writ of certiorari, failure to advise the Petitioner of his right to appeal cannot amount to ineffective assistance of counsel.

ii. Certificate of Appealability

Recognizing that his constitutional claim is foreclosed by Pena, Perez invokes Nnebe v. United States, 534 F.3d 87 (2d Cir. 2008), arguing that under certain rare circumstances, the court may recall its mandate and vacate the judgment, thereby allowing the timely filing of a petition for a writ of certiorari.

The Petitioner requests the opportunity to appeal the Second Circuit's March 1, 2006 decision. Although time barred, the Petitioner argues he may be granted "extraordinary relief" under Nnebe. Perez asks this Court to issue a certificate of appealability "so that the Court of Appeals may determine whether to provide a remedy" of this sort. (Pet'r's Br. 7.) However, Perez fails to meet the basic standard for issuance of a certificate of appealability. Under 28 U.S.C. § 2253 (c)(2),

a certificate of appealability may be issued only "if the applicant has made a substantial showing of the denial of a constitutional right." As set forth above under Section 2(i), the Petitioner has no constitutional right to the assistance of counsel to advise him of his right to appeal and therefore a certificate of appealability may not issue.

Furthermore, even if a certificate of appealability were issued the relief afforded in Nnebe is not available in the Petitioner's case. In Nnebe the court afforded the petitioner an opportunity to petition for certiorari, despite his failure to satisfy the requirements under § 2255. Nnebe 534 F.3d at 92. The court noted that such relief was "an unusual remedy intended for extraordinary circumstances." Id. at 91. Nnebe does not apply to this case for two reasons. First, counsel to the petitioner in Nnebe misrepresented himself to his client, while here the Petitioner makes no such claim of misrepresentation. Second, counsel to the petitioner in Nnebe was court-appointed while the counsel to the Petitioner here was privately retained.

In Nnebe counsel promised to file a petition for a writ of certiorari, leading Nnebe to rely upon counsel's word. Nnebe, 534 F.3d at 88-89. However, Nnebe's counsel did not file the petition as he promised. Id. Furthermore, Nnebe sought relief from the court within two months after last hearing from his attorney. The Petitioner here makes no allegation of

11

misrepresentation by counsel and, as noted above, has not proceeded with diligence; Perez waited more than three years before seeking relief from the Court.

The Second Circuit in Nnebe recalled the mandate and vacated the previous judgment because of the Court's "strong interest in ensuring that lawyers *appointed* to aid indigents discharge their responsibilities fairly." Wilkins, 441 U.S. at 470 (emphasis added). The Court interpreted the Criminal Justice Act to afford a remedy for the court-appointed counsel's failings. Id. at 469. Here, Petitioner's counsel was retained, not court-appointed, and was therefore not subject to the provisions of the Criminal Justice Act. (Reply. Br. 17.) Therefore, because counsel was privately retained and the Petitioner makes no allegation of misrepresentation, the extraordinary relief granted in Nnebe is not warranted in this case.

## CONCLUSION

Perez's petition is untimely. It was filed over three years after his judgment became final and two years after the statute of limitations ran. Perez is unable to demonstrate that the filing of his petition should be tolled. Even if Perez's petition was timely it would fail on the merits as discussed above. For these reasons the Petitioner's motion is DENIED. The Clerk of the Court is directed to terminate the case.

**SO ORDERED:**

*[signature]*

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         June 18, 2011